## Bowles Estate

M. L. McBride, for appellants.

Bernard Goldstone, for Commonwealth.

McKay, J., July 15, 1957.—This matter involves an appeal by Wilson W. Bowles and Pansy S. Chapin from an assessment of inheritance tax in the estate of their deceased brother, Taylor Bowles. The register of wills assessed the tax at $471.66, whereas appellant claims the correct amount is $430.07.

Decedent died April 22, 1956, and by his will devised his real estate at Grove City to his wife, Mary Bowles, "free of tax". Paragraph II of the will reads: "I direct that all inheritance tax be paid from the corpus of my cash or bond personal estate, if any remains." Testator then gave his household and personal assets to his wife and all bonds and cash in the bank to his brother and sister in equal shares and the residue of his estate to his wife. The wife is named executrix.

The inventory of the estate listed real estate appraised at $16,000, E bonds, $2,591.10, and automobile, $1,950.00, a total of $20,541,10.

The Commonwealth in assessing the inheritance tax computed the clear value of the estate at $17,011.10 by deducting from the total amount of the inventory the debts, funeral expenses and cost of administration, totaling $3,530. It then assessed the tax as follows:

Tax on real estate $16,000 at two percent . . $320.00
Tax on the balance, $1,011 at 15 percent . . . 151.66
_____
    Total tax . . . . . . . . . . . . . . . . . . . . . . . $471.66

Appellants, on the other hand, claim that the tax should be:

On $16,000 at two percent . . . . . . . . . . . . . $320.00
On $320 at two percent . . . . . . . . . . . . . . . . . 6.40

On $684.70 at 15 percent ............... 103.67

Total ........................ . .......$430.07

Appellants contend that the amount of the two percent tax paid on the real estate devised to the wife should be subtracted from the remainder of the assets, taxed at two percent, and the 15 percent tax imposed on the balance. Otherwise, they point out, they are being required to pay a tax at the rate of 22 percent on the collateral legacy, instead of the 15 percent provided by law. It is their position that the "clear value of the property *passing to them*" is only $684.70, and that they should only be required to pay a tax on the amount they receive.

Their position would unquestionably be correct if the inheritance tax were a tax on the property passing to the recipients for, so considered, it must be admitted that under the Commonwealth's formula appellants are being required to pay an inheritance tax on more property than they actually receive.

The act imposing an inheritance tax reads in part:

"A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, . . . to persons . . . (a) When the transfer is by will.

"All taxes imposed by this Act shall be imposed upon the clear value of the property subject to the tax and shall be at the rate of two percentum upon the clear value of the property, subject to such tax passing to or for the use of . . . a . . . wife . . . and at the rate of fifteen percentum upon the clear value of the property subject to such tax passing to or for the use of any other person or persons . . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates by the register of wills shall be the debts of the decedent, reasonable and customary funeral expenses . . . grave and lot markers and the expenses of the adminis-

tration of such estates": Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, sec. 1, as amended, 72 PS §§2301, 2302.

It will be noted that while the rate of tax is dependent upon the relationship of the beneficiary, the amount of the clear value subject to taxation is dependent solely upon the amount of the gross estate and the amount of the deductions.

Accordingly, in ascertaining the clear value of an estate subject to an inheritance tax certain items specifically allowed by the State as deductions, and no other,* are subtracted from the gross estate and the tax is computed upon the balance at the rate of tax dependent upon the relationship of the respective beneficiaries to decedent.

In the present case that is the way the Commonwealth arrived at its assessment. It subtracted the allowable deductions of $3,530 from the gross estate of $20,541.10, leaving a clear value of $17,011.10. Under the statute, all of this amount is clearly subject to taxation. The amount representing the real estate devised to the widow, $16,000, is taxable at two percent and the balance, or $1,011.10, is taxable at 15 percent. To hold that the tax on the $16,000, or $320, is itself subject to two percent tax would imply that the widow's share of the gross estate was $16,320. This would be clearly in error, for the testamentary

---

* The tax upon the real estate devised to the widow is not deductible as an expense of administration from the gross estate in arriving at the clear value of the portion passing to them. In 28 Am. Jur. 124 §249, it is stated: "But in appraising the value of a residuary legacy, no deduction should be made on account of the inheritance tax imposed by the state either upon prior legacies or upon its value, notwithstanding a provision in the will directing payment of taxes on specific legacies as an expense of administration, such provision having merely to do with the mode of payment": Re Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709.

excuse from paying the tax on her real estate does not increase the amount of gross assets devised to the widow.

The fact that appellants are required, as it appears to them, to pay a tax on the amount they received at the rate of 22 percent is a necessary result of the act of testator in specifying in his will that his widow's devise should be free of tax and that all inheritance tax be paid from the corpus of his cash or bond personal estate. In reality they are paying a tax on her share of the clear value at the rate of two percent and a tax on their share at the rate of 15 percent.

We conclude that the tax was correctly assessed and the appeal must be dismissed.

### Order

Now, July 15, 1957, the appeal of Wilson W. Bowles and Pansy S. Chapin in the above estate is dismissed at the cost of appellants.